USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/18/2022

# SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 5449
NCROWELL@SIDLEY.COM

January 14, 2022



**By ECF**

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re:    *Wilson v. Mastercard Inc. et al.*, No. 21-cv-5930 (VEC):
            Letter motion for stay of discovery

Dear Judge Caproni:

      We represent Defendants Mastercard Inc. and Mastercard International Inc. (together, "Mastercard") in this matter. Consistent with this Court's order of September 7, 2021, "welcom[ing] [Mastercard] to reapply for a stay of discovery" upon filing a motion to dismiss, ECF Doc. 26 at 3, we write pursuant to Federal Rule of Civil Procedure 26(c) to seek a stay of discovery, including adjournment of the pre-trial conference set for January 21, 2022, until the Court decides Mastercard's motion to dismiss the Amended Complaint, which Mastercard filed earlier today.[1] Mastercard has conferred with the Plaintiff's counsel, and Plaintiff does not consent to the requested stay.

      This Court may stay discovery pending resolution of a motion to dismiss upon a showing of good cause. *See, e.g.*, Fed. R. Civ. P. 26(c); *Negrete v. Citibank, N.A.*, No. 15-cv-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 4, 2015). This Court and other judges in this District frequently adjourn initial conferences (effectively staying discovery) and/or formally stay discovery pending motions to dismiss. *See, e.g.*, *Boustead Secs., LLC v. Leaping Group Co., Ltd*, No. 20-cv-03749 (VEC), Dkt. No. 32 at 2 (S.D.N.Y. 2020) (adjourning conference and staying discovery); *Krentsel & Guzman, LLP v. JPMorgan Chase Bank, N.A.*, No. 20-cv-02407 (VEC), Dkt. No. 22 at 1 (S.D.N.Y. 2020) (adjourning conference); *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572 (VSB), 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) (granting motion for stay of discovery pending disposition of motion to dismiss); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (same); *Weisman Celler Spett & Modlin, P.C. v. TransLux Corp.,* No. 12-cv-5141 (JMF), 2012 WL 5512164, at *4 (S.D.N.Y. Nov. 14,

---

[1] On October 18, 2021, Mastercard filed a letter motion to stay discovery (ECF No. 31) in conjunction with its motion to dismiss Plaintiff's original Complaint. On December 7, 2021, the Court denied without prejudice Mastercard's request to stay discovery (ECF No. 40) in light of Plaintiff's filing of the Amended Complaint. Mastercard now renews its motion to stay discovery.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

2012) (noting that initial conference was adjourned *sine die* in light of motion to dismiss). Some courts have done so without detailed analysis of the traditional stay factors where motions to dismiss a complaint in full are filed or anticipated, *see*, *e.g.*, *Boustead Secs.,* No. 20-cv-03749 (VEC), Dkt. No. 32 at 2, *Weisman Celler Spett & Modlin, P.C.*, No. 12-cv-5141 (JMF), Dkt. No. 16 at 1, whereas others have examined whether "good cause" exists by considering "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." *Negrete*, 2015 WL 8207466, at \*1; *accord Alapaha View*, 2021 WL 1893316, at \*2. Here, all three factors strongly favor staying discovery pending resolution of Mastercard's motion to dismiss.

I. **Mastercard's Motion to Dismiss Sets Forth Substantial Grounds For Dismissal.**

A stay of discovery is appropriate because Mastercard has presented substantial arguments that Plaintiff's claims should be dismissed in their entirety. Although the first factor is nominally styled as requiring a "strong showing" in favor of dismissal, *Negrete*, 2015 WL 8207466, at \*1; *Alapaha View*, 2021 WL 1893316, at \*2, those same courts (and many others) have recognized that a "motion to dismiss cuts in favor of a stay because it 'is potentially dispositive, and appears to be not *unfounded in the law*.'" *Alapaha View*, 2021 WL 1893316, at \*2 (quoting *Negrete*, 2015 WL 8207466, at \*1) (emphasis added); *accord Gandler* v. *Nazarov*, No. 94-cv-2272 (CSH), 1994 WL 702004, at \*4 (S.D.N.Y. Dec. 14, 1994). Mastercard easily satisfies this standard under either formulation. As discussed in the motion to dismiss, Plaintiff has failed to adequately plead each of her two individual causes of action for multiple reasons. *See* Mem. Supp. Mot. Dismiss at 13-25. Plaintiff's unjust enrichment claim fails for numerous reasons, including that it is impermissibly predicated on the existence of express contracts and fails to plead any unjust conduct. *Id.* at 13-18. Plaintiff likewise has failed to state a claim for violation of the North Carolina Unfair and Deceptive Trade Practices Act because she has not alleged the requisite element of reliance, has not pled with particularity or plausibly alleged any unfair or deceptive conduct. *Id.* at 18-25. Because Mastercard's motion to dismiss is "potentially dispositive" and is well founded in the law, this first factor weighs in favor of a stay. *See*, *e.g.*, *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv- 5874 (RPP), 2009 WL 2777076, at \*1 (S.D.N.Y. Sept. 1, 2009) (motion to dismiss supported stay where it contained "multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law'").[2]

---

[2] The authorities Plaintiff cited in the parties' joint letter to the Court, dated September 7, 2021, that requested adjournment of the Initial Pretrial Conference (ECF No. 25) originally set for last fall are readily distinguishable. *See Renois v. WVMF Funding, LLC*, No. 20-cv-09281 (LTS) (DF), 2021 WL 1721818, at \*2 (S.D.N.Y. Apr. 30, 2021) (declining to order discovery stay where motion to dismiss was not "necessarily case-dispositive"); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 679 (S.D.N.Y. 2018) (denying motion for a stay of discovery given the "particular circumstances and posture" of tortious interference counterclaim). Here, unlike in Plaintiff's authorities, Mastercard's motion is incontrovertibly dispositive, and the "particular circumstances and posture" of this case present strong grounds for dismissal.

# SIDLEY

Page 3

## II. Plaintiff's Expansive Discovery Requests Impose Substantial Burden on Mastercard.

With respect to the second factor, Plaintiff already has requested wide-ranging discovery, which would prove unduly burdensome to Mastercard, especially when it is likely to be rendered moot upon resolution of the motion to dismiss. Plaintiff's first round of requests—37 items which will require costly collection and review of large swaths of hard-copy and electronic data sets, contracts and agreements, and communications—are exceedingly broad, seeking, among other things, data surrounding *every foreign exchange transaction* completed by a consumer via the Mastercard network over a five-year period. *See* Ex. A, hereto. Plaintiff's requests also seek production of confidential, proprietary, and commercially-sensitive documents—including documents related to third-parties, who are defendants in other litigation brought by Plaintiff and her counsel in other district courts—which Mastercard would likely not otherwise have to disclose if discovery were stayed, given the strengths of the Motion to Dismiss. These requests therefore would impose a substantial burden on Mastercard. *See, e.g.*, *Alapaha View*, 2021 WL 1893316, at *2 (stay warranted where case "involves conduct spanning over multiple years" and "even document discovery would be onerous"). Indeed, the requests here closely resemble those found to justify a stay in *Negrete*. 2015 WL 8207466, at *2 ("[Plaintiffs'] first set of document requests features several broad categories, including all documents relating to any foreign exchange transactions between [Defendant] and the Plaintiffs . . . . These requests would likely require a massive production on the part of the Defendants.").

A stay should be granted "because the disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in this case, [and thus] proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant." *Alapaha View*, 2021 WL 1893316, at *2 (cleaned up).

## III. Plaintiff Will Not Be Prejudiced by a Stay.

Finally, a short delay in discovery does not pose any risk of prejudice, and any assertion otherwise by Plaintiff is unfounded. *See, e.g.*, *Alapaha View*, 2021 WL 1893316, at *2; *Negrete* 2015 WL 8207466, at *2. "[A] delay in discovery without more does not amount to unfair prejudice." *E.g.*, *Alapaha View*, 2021 WL 1893316, at *3. The potential for prejudice is absent here since this matter is in its early stages and is being actively litigated. Furthermore, regardless of whether a stay is granted, Mastercard agreed to preserve potentially relevant documents, work with Plaintiff to develop an ESI protocol and a protective order, and is willing to provide initial disclosures. A stay of discovery is appropriate because it will not cause prejudice or unduly delay this case.

\* \* \*

# SIDLEY

Page 4

In sum, a stay of discovery pending disposition of the motion to dismiss is warranted here because Mastercard "ha[s] advanced viable arguments for dismissal, the proposed discovery [would] be significantly burdensome, and the Plaintiff should suffer little or no prejudice from a stay," *Negrete*, 2015 WL 8207466, at *2.

Respectfully submitted,

*s/ Nicholas P. Crowell*
Nicholas P. Crowell

cc: Counsel of record (via ECF)

---

Plaintiff's response to the motion to stay, not to exceed five pages, is due no later than **Friday, January 21, 2022 at 12:00 P.M.** Defendant's reply in support of its motion, not to exceed three pages, is due no later than **Monday, January 24, 2022 at 8:00 P.M.**

The initial pretrial conference, currently scheduled for Friday, January 21, 2022 at 11:00 A.M., is adjourned to **Friday, January 28, 2022 at 11:00 A.M.** For the conference dial in information, the parties should consult the Court's order at docket entry 6.

SO ORDERED.

*[signature: Valerie Caproni]*   Date: January 18, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE