

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2022

# SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 5449
NCROWELL@SIDLEY.COM

January 24, 2022

**By ECF**

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

>   Re:   *Wilson v. Mastercard Inc. et al.*, No. 21-cv-5930 (VEC):
>         <u>Reply in further support of letter motion for stay of discovery</u>

Dear Judge Caproni:

Mastercard respectfully submits this reply to Plaintiff's opposition to Mastercard's motion to stay (ECF No. 49, the "Opposition").

**I.   A stay is proper given the dismissal motion is potentially dispositive and well-founded.**

Mastercard's Stay Motion ("Mot.") established that its motion to dismiss sets forth substantial grounds for dismissal of the First Amended Complaint. *See* Mot. at 2. Plaintiff nonetheless argues that Mastercard has not made a "strong showing" that her claims are unmeritorious. Opp. at 1-3. In invoking the "strong showing" standard, however, Plaintiff ignores authorities indicating that a stay should be granted if a motion to dismiss "is potentially dispositive" and "appears to be not unfounded in the law."[1] *E.g.*, *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). Indeed, Plaintiff relies on *In re Currency Conversion Fee Antitrust Litigation*, which applied the very standard just quoted from *Alapaha View*. *See* No. 21-cv-95(WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002). In any event, Plaintiff merely summarily concludes that she has "adequately pleaded" her two causes of action, Opp. at 2, but fails to offer any showing that Mastercard's motion lacks merit. As Mastercard showed, Mot. at 2, its motion to dismiss is both potentially dispositive and well-founded in the law, and thus a stay of discovery is appropriate.

Contrary to Plaintiff's suggestion, Opp. at 2, the Court may grant a stay before the motion to dismiss is fully briefed. *See HAHA Glob., Inc. v. Barclays*, No. 1:19-cv-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (stay is appropriate where "a peek at the

---

[1] The only authorities Plaintiff cites for the proposition that courts "routinely" deny motions to stay discovery date back to the 1990s. *See* Opp. at 2-3. Courts in this District now regularly grant stays pending disposition of motions to dismiss. *See* Mot. at 1-2; *accord Valentini v. Grp. Health Inc.*, No. 20-cv-9526 (JPC), 2021 WL 861275, at *2 (S.D.N.Y. Mar. 8, 2021); *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957 (AJN), 2020 WL 6642188, at *2 (S.D.N.Y. Nov. 12, 2020).

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

complaint reveals that Defendant's position as to the deficiencies of the complaint may have merit"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (similar). The cases Plaintiff cites are readily distinguishable. *See* Opp. at 2. In *Republic of Turkey v. Christie's, Inc.*, a stay was denied where discovery was already well underway, and the only question was whether, despite that, discovery should be stayed as to counterclaims. 316 F. Supp. 3d 675, 676-77 (S.D.N.Y. 2018). The *In re Chase Manhattan* case, No. 90-cv-6092(LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991), is inapposite because it relied on an outdated standard that dismissal must be "inevitable" for a discovery stay to issue.

Finally, Plaintiff is wrong to contend that "so much of" Mastercard's motion to dismiss centers on Plaintiff's failure to plead with particularity, Opp. at 2, and thus a stay should be denied. Actually, Mastercard spent one paragraph on particularity, while the remainder of the motion details the reasons Plaintiff has failed to state a claim. Mastercard's presentation supports a stay of discovery. *See HAHA Glob.*, 2020 WL 832341, at *1 (granting stay because defendants presented "viable grounds for dismissing" amended complaint where it "fail[ed] to meet even the minimal pleading standards of Federal Rule of Civil Procedure 8" and "otherwise fail[ed] to state a claim upon which relief can be granted"). Accordingly, the Motion should be granted.

**II.    The breadth of discovery sought and the burden of responding warrant a stay.**

Mastercard's Motion demonstrated that proceeding with discovery while the motion to dismiss is pending would constitute an undue burden on Mastercard, especially in light of the wide-ranging discovery Plaintiff has already requested and the likelihood that discovery will be rendered moot upon resolution of the motion to dismiss.

Plaintiff argues that moving forward with discovery pending resolution of the motion to dismiss will somehow *benefit* Mastercard. Opp. at 3. Mastercard disagrees, and Plaintiff's authorities do not show otherwise. Plaintiff cites, *see id.* at 3-4, *In re Chase Manhattan*, 1991 WL 79432, at *1, for purported support of such benefits. But (i) that opinion surmised that a benefit would accrue "[s]hould the complaint (or an amended complaint) be sustained," and as noted above (ii) that opinion rests on the outdated notion that stays are appropriate only where dismissal is inevitable, and did not even address whether defendant's motion to dismiss was likely to succeed. *See* 1991 WL 79432, at *1. Given Mastercard's showings about the strength of its motion here, contrary to Plaintiff's assertion, moving forward with discovery will not "mov[e] this action closer to an ultimate resolution," Opp. at 4, but, instead, will more likely be a waste of time and resources.

Moreover, the burdens cut strongly in Mastercard's favor insofar as, as Mastercard showed, Plaintiff served *37* exceedingly broad requests. *See* Mot. at 3 (collecting cases entering stay when faced with broad requests). Plaintiff's response is to try to walk-back those requests, saying that they were merely a "starting point" for the parties' negotiations and arguing Mastercard will not have to immediately produce all documents responsive to Plaintiff's requests. Opp. at 4. But in determining whether to issue a stay of discovery, the court considers "the breadth of discovery *sought*"—not the possible breadth of discovery after the responding party successfully pushes back on the scope of those requests. *Negrete v. Citibank, N.A.*, No. 15-

# SIDLEY

cv-7250(RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 4, 2015) (emphasis added); *see id.* at *2 (discussing the requests themselves).[2]

### III. Plaintiff's assertions of prejudice from a stay are unfounded.

There is no merit to Plaintiff's attempt to refute Mastercard's showing that a short delay in discovery does not pose any risk of prejudice. *See* Opp. at 5. Plaintiff primarily relies on *Citibank, N.A. v. Hakim*, No. 92-cv-6233 (MBM), 1993 WL 481335 (S.D.N.Y. Nov. 18, 1993), for the proposition that she would be prejudiced without "speedy discovery." Opp. at 5. *Hakim* is nothing like this case. It involved a situation in which "defendants . . . evidently have fled to Colombia" and thus "the parties, their assets, and certain evidence are now far-flung," 1993 WL 481335, at *2. Moreover, *Hakim* involved a motion to stay pending resolution of an ongoing federal criminal investigation, not a motion to dismiss, *id.* at *1. Additionally, Plaintiff's argument that she will be prejudiced by "*[f]urther* delay" of discovery because defendants have not yet produced a written objection or responsive document does not withstand scrutiny. Opp. at 5 (emphasis added). Plaintiff's request for an extension of time to amend the complaint (ECF No. 33) stated: "Plaintiff will not seek discovery from Mastercard between now and the filing of Mastercard's response to the amended complaint [filed January 14, 2022], and agrees that Mastercard is under no obligation to respond to the discovery that Plaintiff previously served or to make initial disclosures." Plaintiff was openly content to wait on discovery then, and fails to explain why a stay would suddenly prejudice her now.

Finally, Plaintiff does not rebut Mastercard's showing that "a delay in discovery without more does not amount to unfair prejudice." *E.g., Alapaha View*, 2021 WL 1893316, at *3. Plaintiff suggests that a stay will cause "significant[] prejudice" by posing a risk that memories will fade and evidence will be lost. However, the crux of Plaintiff's claim is whether *written* Mastercard policies (dating from 2020 and 2021, *see* FAC ¶1, 42-45) promised her something, which Plaintiff fails to define, that Plaintiff did not receive. Plaintiff fails to explain how her claim is likely to be dependent on memories of witnesses or documents that are remote in time, rather than Plaintiff's own recollection and these recent documents. *Cf.* Opp. at 3 (acknowledging Mastercard's agreement to engage in preservation efforts).

---

[2] The cases Plaintiff cites (Opp. 4) to try to minimize the breadth of her discovery requests and the burden they will impose are distinguishable, both in terms of procedural posture and the scope of discovery at issue. For example, in *Golightly v. Uber Technologies, Inc.*, No. 21-cv-3005 (LJL), 2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021), the court stayed discovery in part, but allowed limited discovery to go forward because defendant's motion to compel arbitration itself could not be resolved on the pleadings and plaintiff served only five requests for documents and eleven interrogatories (pointedly, the requests did not seek *all* documents like those here); *see also Mirra v. Jordan*, No. 15-cv-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (no undue burden because many of the discovery requests overlapped with prior requests from an ongoing related action against defendant); *Giuffre v. Maxwell*, No. 15-cv-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (denying stay where discovery was narrowly tailored to single claim against single defendant and the associated events in which defendant was alleged to be personally and intimately involved); *Waltzer v. Conner*, No. 83-cv-8806 (SWK), 1985 WL 2522, at *1 (S.D.N.Y. Sept. 12, 1985) (denying stay because defendants proffered no facts in support of their claims of burden).



Page 4

                                      Respectfully submitted,

                                      *s/ Nicholas P. Crowell*
                                      Nicholas P. Crowell

cc:    Counsel of record (via ECF)

---

Defendants' motion to stay discovery pending resolution of its motion to dismiss is hereby GRANTED. The Court finds that there is good cause to stay discovery. *See* Fed. R. Civ. P. 26(c). Although the motion to dismiss is not fully briefed, the Court's ultimate decision on the motion may dispose of the matter entirely or partially, and it will certainly clarify any issues moving forward, were the case to continue. Accordingly, the Court finds that it is more efficient, and less burdensome for Defendants, to commence discovery after the Court decides the motion to dismiss.

Given that the motion to stay is the only issue to discuss at the initial pretrial conference, currently scheduled for Friday, January 28, 2022 at 11:00 A.M., that conference is hereby CANCELLED. Upon resolution of the motion to dismiss, the Court will re-schedule the initial pretrial conference and require that the parties re-file pre-conference submissions, including a new proposed Case Management Plan.

The Clerk of Court is respectfully directed to close the open motion at docket entry 47.

SO ORDERED.

*[signature]*    Date: January 25, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE